UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO. 18-CR-245(2) (DWF/HB)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **MOTION TO REOPEN SENTENCING PROCEEDINGS UPON DETERMINATION OF CLEAR ERROR** |
| v. | |
| JUSTIN MICHAEL DRECHSEL, | |
| Defendant. | |

COMES NOW, the Defendant Justin Michael Drechsel, by and through his attorney, Catherine Turner, Esq., who respectfully moves the Court to reopen sentencing proceedings upon a determination of clear error during the conduct of Mr. Drechsel's sentencing hearing on January 14, 2020.

Procedural and Factual Background

Mr. Drechsel pleaded guilty on March 21, 2019. The U.S. Department of Probation Services generated a final pre-sentence investigation (PSR) report, which was submitted to the Parties on November 1, 2019. Before the January 14, 2020 sentencing proceedings, the PSR identified (and the Parties believed) that Mr. Drechsel was subject to enhanced mandatory minimum statutory sentencing – namely a term of at least 180 months imprisonment – based upon the government's sentencing enhancement information, as filed on January 29, 2019. *See* ECF No. 115.

However, as described by government counsel in communications with the Court and the undersigned on January 15, 2020, it appears that deeper analysis of the First Step

Act mandates a finding that Mr. Dreschel is/was not subject to § 851 enhancement, at not least pursuant to the offense conduct noticed by the government before his guilty plea. Therefore, his appropriate mandatory minimum is/was 120 months.

More specifically, any predicate offense for purposes of § 851 enhancement must also satisfy 18 U.S.C. § 924(e)(2)'s definition of "serious drug offense." For prior state convictions, that definition only allows predicate qualification for offenses which involved "manufacturing, distributing, or possession with intent to manufacture or distribute." Review of Minn. Stat. 152.921.2(a)(1) (2011), the applicable statute for Mr. Drechsel's prior offense (as noticed by the government in its revised § 851 information as filed on January 29, 2019), demonstrates there was no intent element. The fact that he also suffered an enhancement pursuant to Minn. Stat. 152.021.3(b) as part of his sentencing in that matter does not change that analysis.

Rule 35(a) of the Federal Rules of Criminal Procedure direct that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." The Parties have conferred and agree that sentencing proceedings should be reopened in light of the error described above. This error clearly impacted Mr. Drechsel's sentencing position and argument, and likely impacted the context overriding the sentencing proceedings themselves.

For these reasons, Mr. Drechsel respectfully requests the Court reopen sentencing proceedings due to clear error, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure.

Dated:  January 28, 2020						Respectfully submitted,

							__*/s/Catherine Turner*_____
							Catherine Turner (MN#0349057)
							Attorney for Defendant
							P.O. Box 19607
							Minneapolis, MN 55419
							(612) 361-4895
							catherine@catherineturnerlaw.com