# Catherine Turner         **Attorney at Law**

295 Marie Ave. E., Suite 260, West St. Paul, MN 55118
P.O. Box 19607, Minneapolis, MN 55419
Phone: 612-876-1735
Fax: 866-663-4338
catherine@catherineturnerlaw.com

March 6, 2020

The Hon. Donovan Frank
Senior U.S. District Judge, District of Minnesota
United States District Court
724 Federal Bulilding
316 North Robert Street
St. Paul, MN 55101

RE:    United States v. Justin Michael Drechsel
          Criminal No. 18-245(2)(DWF)

Dear Judge Frank:

    I write to you on Mr. Drechsel, who comes to you with a jubilant heart at the prospect of being sentenced next week in front of your honor. Certainly he feels nervous, but he has confidence that with another sentencing hearing, he will have the opportunity to receive further relief and mercy from this Court.

    As previously detailed in our Sentencing Position Paper, Mr. Drechsel has been suffering from the disease of addiction since his adolescence, and never received any real, sustained, and effective treatment for his use. He has been forced to withdraw from its symptoms and suffer the ongoing effects through incarceration, rather than with a support system of his family and counselors by his side. If his disease had been cancer or multiple sclerosis, he could have been the beneficiary of fundraisers, cutting edge medical treatments, and most importantly, sympathy. But addiction enjoys little compassion or patience. Society chooses to warehouse the problem in prisons, rather than help reintegrate its victims into the mainstream. Mr. Drechsel sits before you an example of broken system with hypocritical priorities. He deserves empathy, not a lengthy prison sentence.

    Without the § 851 sentencing enhancement, your honor has the power and ability to further transform Mr. Drechsel's life. Rather than wasting sixty additional months in the Bureau of Prisons, he could be reunited with his children that much sooner. He could return to work as

a roofer while his body still allows him to climb ladders. He could have more time to support his family. He may still have the opportunity to see his mother alive. He had resigned himself to never being able to be at her bedside, to help or to say goodbye. But the chance to get a further reduced sentence has given him hope that maybe she can hold on long enough for him to get out and be there for her. He knows it is a long shot, but he believes that one blessing begets another, and a man looking at over a decade of time away needs something to which he must look forward. Re-sentencing Mr. Drechsel to the lower mandatory minimum will give Mr. Drechsel and his whole family more time together. It will be a gift of life to him and to his parents and children. It will go further to restore his broken bonds with society and within himself. For all the despair that comes with a prison sentence, this court can has the unique privilege to bring a little joy and relief to an otherwise heartbreaking situation.

Someday, hopefully in the near future, Americans and our representatives will wake up to the crisis and human cost of not only drug addiction, but also the War on Drugs. It is about time that Congress recognized that this is not something that the country can incarcerate its way into solving. Clearly there is an epidemic of use and abuse of opioids and amphetamines. Inappropriate prescribing practices and inadequate treatment has lead to a robust black market for controlled substances. In the case of opioids, most of the addiction is a result of corporate greed and malfeasance, but pharmaceutical companies like Perdue Pharma are rewarded with lack of regulation and taxpayer-funded subsidies.[1] They are just as responsible as the cartels cooking the methamphetamine infecting local communities, but Perdue headquarters has never been the scene of SWAT teams or shoot-outs in its parking lots. Meanwhile, law enforcement trained in combat techniques is perpetuating a war against the citizens it is supposed to protect, raids the houses and arrests the desperate users. The prisons fill up, but the problem never goes away. Many lives are ruined as families are separated for ridiculously long periods of time. When will there be an end to this War and a beginning of reconstruction?

Mandatory Minimums are an antiquated, draconian, ineffective tool in curbing drug use and abuse that is finally being recognized for the failure that it is.[2] Rather than solve a problem, these minimums have contributed to the growing crisis of mass incarceration.[3] While the goals of § 3553(a) are to provide each defendant with an individualized, proportional sentence based on their unique characteristics and circumstances, statutory mandatory minimums completely

---

[1] Avik Roy, "Inside The Pharmaceutical Lobby's Campaign For More Government Subsidies Through Medicare Part-D" *Forbes* online July 19, 2019 https://www.forbes.com/sites/theapothecary/2019/07/19/inside-the-pharmaceutical-lobbys-campaign-for-more-government-subsidies-through-medicare-part-d/#50d014db393c
[2] Tanya Golash-Boza, "Column: 5 charts show why mandatory minimum sentences don't work" *PBS.org* June 1, 2017 online: https://www.pbs.org/newshour/politics/5-charts-show-mandatory-minimum-sentences-dont-work
[3] James Cullen, "Sentencing Laws and How They Contribute to Mass Incarceration" *Brennan Center for Justice*, October 5, 2018 online: https://www.brennancenter.org/our-work/analysis-opinion/sentencing-laws-and-how-they-contribute-mass-incarceration

undermine the mission and purpose of § 3553(a), as well as the spirit of *United States v. Booker*, 125 S.Ct. 738, 767 (2005). How is a Court supposed to provide a fair and just sentence to a defendant that is personalized to each case when the mandatory minimum statute forces the Court to impose a boilerplate term? Mandatory minimums rob the Court of its inherent discretion to treat each defendant individually and make the whole criminal justice system unfair.

Because Mr. Drechsel is not able to receive a sentence that is a true reflection of his life and circumstances, he should at least receive the benefit of the lowest sentence possible. Thanks to the First Step Act and this re-sentencing hearing, Mr. Drechsel respectfully requests that this court show him the mercy that he deserves and sentences him to the lowest possible period of incarceration, that being 120 months.

Thank you for your time and attention to this matter. If I can be of further assistance or provide additional information, please advise immediately.

Sincerely,

*Catherine Turner*

Catherine Turner
Attorney for Defendant